```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPHINE CRUZ,                                 :
                                                :
                Plaintiff,                      :   REPORT AND
                                                :   RECOMMENDATION
        -against-                               :
                                                :   04 Civ. 3733 (SCR)(LMS)
MICHAEL J. ASTRUE,                              :
Commissioner of Social Security,                :
                                                :
                Defendant.                      :
---------------------------------------------------------------X
```

**TO:   THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

Josephine Cruz brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"), finding that she was not entitled to supplemental security income under the Social Security Act (the "Act"). Currently pending before the Court is the Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Docket # 10. Plaintiff has not filed an opposition to Defendant's motion. For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that the Defendant's motion should be granted and this case should be dismissed with prejudice.

**I.   BACKGROUND**

  **A.   Procedural History**

On June 25, 2001, Plaintiff filed her application for supplemental security income ("SSI"), claiming that her disability began on August 1, 1997. Administrative Record ("AR") 48; Defendant's Memorandum of Law ("Deft.'s Mem."), p. 1. Her claimed disability included asthma, chronic sinusitis, headaches, back and knee pain, and depression. Deft.'s Mem., p. 5. Plaintiff's application was denied on January 14, 2002, AR 32, and she thereafter requested a

hearing by an Administrative Law Judge ("ALJ"). Id. 36-38. Following the October 28, 2002, hearing, the ALJ issued a decision, on November 19, 2003, finding that Plaintiff was not disabled within the meaning of the Act and was not entitled to SSI. Id. 7-14. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Id. 6. On April 2, 2004, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Id. 3-5.

On May 17, 2004, Plaintiff commenced the instant action in this Court (Docket # 2), alleging that the ALJ wrongly denied her SSI. On November 18, 2004, Judge Robinson signed a stipulation submitted by the Parties remanding Plaintiff's case back to the Social Security Commissioner pursuant to 42 U.S.C. 405(g). Docket #7. The Appeals Council remanded Plaintiff's case to an Administrative Law Judge for further proceedings. AR 174. ALJ Heyman conducted a hearing, at which Plaintiff appeared, on January 10, 2006. Id. 161-71. On June 5, 2006, ALJ Heyman issued his decision in which he found Plaintiff not disabled. Id. Plaintiff filed for review with the Appeals Council, and this request was denied on November 28, 2006. Id. 155-56. It was not until April 20, 2010, that the Commissioner filed an updated record and answer to this Court. Deft.'s Mem., p. 2-3.

A conference, of which Plaintiff received notice, was held before this Court on May 26, 2010. Plaintiff did not appear. At that conference, a briefing schedule was set whereby the Defendant was directed to serve and file its motion for judgment on the pleadings on Friday, May 28, 2010. Plaintiff's response was to be served and filed on or before July 12, 2010. Any response or reply by Defendant was to be served and filed on or before July 23, 2010. Because Plaintiff did not appear at the May 26 conference, Defendant was directed to notify Plaintiff of

the motion schedule.  In connection with Defendant's motion, Defendant submitted a declaration of Suzanne M. Haynes which attests to the fact that Ms. Haynes spoke with Plaintiff on the telephone on May 27, 2010, and informed Plaintiff of the motion schedule.  Decl. Of Suzanne Haynes, ¶2-3.  In addition, Ms. Haynes attests to the fact that she mailed Plaintiff a letter on May 28, 2010, again explaining the motion schedule.  ¶4.  A copy of that letter, dated May 28, 2010, is attached to Ms. Haynes' declaration.  Ex. A.  Finally, the certificate of service appended to Defendant's notice of motion certifies that Plaintiff was served with a copy of Defendant's motion for judgment on the pleadings by mail on May 28, 2010.  Deft.'s Not. Of Motion.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Standard of Review

The scope of review in an appeal from a social security disability determination involves two levels of inquiry.  First, the court must review the Commissioner's decision to determine whether the Commissioner applied the correct legal standard when determining that the plaintiff was not disabled.  Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999).  Failure to apply the correct legal standard is grounds for reversal of the ruling.  Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984).  Second, the court must decide whether the Commissioner's decision was supported by substantial evidence.  Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. at 106 (internal quotation marks and citations omitted).  When determining whether substantial evidence supports the Commissioner's decision, it is important that the court "carefully consider[] the whole record, examining evidence from both sides."  Tejada, 167 F.3d at 774 (citing Quinones v. Chater, 117 F.3d 29, 33 (2d Cir. 1997)).  "It

is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (citation omitted).  If the "decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its own] judgment for that of the Commissioner."  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).  Moreover, the ALJ "has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted).

### B.     **Determining Disability**

In the context of SSI, the Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A).  In evaluating a disability claim, regulations issued pursuant to the Act set forth a five-step process that the Commissioner must follow.  See 20 C.F.R. § 416.920(a)(4).

First, the Commissioner will consider whether the claimant is working in "substantial gainful activity."  Id. at § 416.920(a)(4)(i),(b).  If the claimant is engaged in "substantial gainful activity," then the Commissioner will find that the claimant is not disabled.  Id.  Second, the Commissioner considers the medical severity of the claimant's impairments.  Id. at § 416.920(a)(4)(ii).  The claimant's impairment will not be deemed severe "[i]f [he or she] do[es] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities."  Id. at § 416.920(c).  Third, if it is found that the claimant's impairments are severe, the Commissioner will determine if the claimant has

an impairment that meets or equals one of the impairments presumed severe enough to render one disabled, listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. See id. at § 416.920(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and decides the claimant's residual functional capacity. See id. at § 416.920(e). Then, the Commissioner proceeds to the fourth step to determine whether the claimant can do his or her past relevant work. See id. at § 416.920(a)(4)(iv),(e)-(f). Finally, if it is found that the claimant cannot do his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and work experience to see if he or she can make an adjustment to other work. See id. at § 416.920(a)(4)(v),(g).

The claimant bears the burden of proof on the first four steps of this analysis. DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir. 1998) (citation omitted). If the ALJ concludes at an early step of the analysis that the claimant is not disabled, he or she need not proceed with the remaining steps. Williams v. Apfel, 204 F.3d 48, 49 (2d Cir. 2000). If the fifth step is necessary, the burden shifts to the Commissioner to show that the claimant is capable of other work. DeChirico, 134 F.3d at 1180 (citation omitted).

**III.     DISCUSSION**

Preliminarily, Plaintiff's complaint in this action merely asserts the boilerplate allegation that the ALJ's decision was either legally erroneous or not supported by substantial evidence. Docket #2.  As previously mentioned, Plaintiff has failed to file any opposition to Defendant's motion for judgment on the pleadings, despite being informed of the briefing schedule.  As of the date of this report and recommendation, this Court has not received any correspondence from Plaintiff requesting additional time to submit an opposition.  In addition, this Court has examined the record as a whole and finds that there is substantial evidence supporting the ALJ's decision.  On remand, the ALJ heard testimony from treating non-physicians, as directed.  The ALJ's decision reflects a thorough review of Plaintiff's medical history, as well as the reports and testimony submitted by Plaintiff's treating medical professionals.  Specifically, the ALJ examined and discussed medical observations and opinions of Dr. Peter Graham, Dr. Angela Astuto, Dr. Golda Hudes, Nurse Practitioner Anna Rose, Nurse Practitioner Maria A. Mendoza, and a vocational expert, Ms. Clark.  AR 161-71.  Ultimately, the ALJ found that there were certain occupations that would accommodate Plaintiff's ailments and accordingly, found Plaintiff not disabled.  Id.

Therefore, because this Court finds that the ALJ's decision is supported by substantial evidence and is free from legal error, I conclude and recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings should be granted and this case should be dismissed with prejudice.[1]  See Berry v. Schweiker, 675 F.2d 464 (2d Cir.1982).

---

[1] Should Plaintiff file substantive objections to this Report and Recommendation, I respectfully request that Your Honor refer the motion back to me for a more detailed analysis of the claims.

## CONCLUSION

For the foregoing reasons I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings (Docket # 10) should be granted, and this case should be dismissed with prejudice.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: July 19, 2010
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Counsel of Record for Plaintiff and the Commissioner of Social Security